NO. 04-15-00320-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
8/31/2015 6:23:54 PM
KEITH E. HOTTLE
Clerk

IN THE COURT OF APPEALS
FOURTH DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

JONATHAN SHURBERG AS PERSONAL REPRESENTATIVE OF THE
ESTATE OF REBECCA LORD, INDIVIDUALLY AND DERIVATIVELY ON
BEHALF OF LA SALLE INDUSTRIES, A LIMITED PARTNERSHIP,
*APPELLANT,*

V.

LA SALLE INDUSTRIES LIMITED, ROY G. MARTIN JR. PROPERTY
MANAGEMENT, INC., ROY MARTIN, ELIZABETH MARTIN, JENNIFER
LORD, BRENDA LORD, KENT LORD, JANIE MARTIN, MARK MARTIN,
THOMAS L. MARTIN, AND JILL MARTIN,
*APPELLEES.*

**APPENDIX**

Tab 1          Trial Court's Judgment (CR 386–87)

Tab 2          Limited Partnership Agreement (CR 243–58)

Tab 3          Texas Business Organizations Code § 152.204

Tab 4          Texas Business Organizations Code § 153.113

Tab 5          Texas Business Organizations Code § 153.253

Tab 6          Texas Business Organizations Code § 153.402

Tab 7          Texas Business Organizations Code § 153.552

# TAB 1

NO. 14-08-00154-CVL

| | | |
|---|---|---|
| JONATHAN SHURBERG AS | § | IN THE DISTRICT COURT |
| INDEPENDENT EXECUTOR OF THE | § | |
| ESTATE OF REBECCA LORD, | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | LA SALLE COUNTY, TEXAS |
| | § | |
| LA SALLE INDUSTRIES, LIMITED, | § | |
| ROY G. MARTIN, JR. PROPERTY | § | |
| MANAGEMENT, INC.,; ROY MARTIN; | § | |
| ELIZABETH MARTIN; JENNIFER LORD; | § | |
| BRENDA LORD; KENT LORD; JANIE | § | |
| MARTIN, MARK MARTIN, THOMAS L. | § | |
| MARTIN and JILL MARTIN, | § | 218TH DISTRICT COURT |
| *Defendants* | § | |

---

## ORDER ON DEFENDANTS' MOTION TO DISMISS FOR LACK OF STANDING/PLEA TO THE JURISDICTION

---

On February 24th, 2015, came on Defendants' Motion to Dismiss for Lack of Standing/Plea to the Jurisdiction for hearing. The Parties appeared through counsel and announced "ready". The Court, having considered the Motion and having considered the evidence and argument of Counsel, finds that the Motion should be GRANTED.

It is, accordingly, ORDERED, ADJUDGED AND DECREED that this cause is dismissed for want of subject matter jurisdiction. Costs are assessed against the Party which incurred them. This is a final, appealable judgment.

SIGNED this 30 day of March, 2015

Hon. Donna S. Rayes, Judge Presiding

*Order on Defendants' Motion to Dismiss for Lack of Standing/Plea to the Jurisdiction* Page1

FILED FOR RECORD
At 7:45 o'clock A M.

APR - 7 2015

MARGARITA A. ESQUEDA
COUNTY & DISTRICT CLERK
LA SALLE COUNTY, TEXAS
BY _____ DEPUTY

Approved as to form:

Robert J. Myers
MYERS ☆ LAW
2525 Ridgmar Blvd., Ste. 150
Fort Worth, TX 76116
817.731.2500
ATTORNEYS FOR DEFENDANTS


Steve McConnico                    by permission/abg
Steve Wingard
SCOTT, DOUGLASS & McCONNICO, LLP
600 Congress Ave., Ste. 1500
Austin, TX 78701
512.495.6300
ATTORNEYS FOR DEFENDANTS


Patton G. Lochridge
Michael A. Shaunessy
McGINNIS LOCHRIDGE
600 Congress Ave., Ste. 2100
Austin, TX 78701
512 495-6061
and
Christopher L. Halgren
711 Louisiana St., Ste. 1600
Houston, TX 77002
713.615.8500
ATTORNEYS FOR PLAINTIFFS

*Order on Defendants' Motion to Dismiss for Lack of Standing/Plea to the Jurisdiction   Page2*

# TAB 2

EXHIBIT #1

## LIMITED PARTNERSHIP AGREEMENT

AGREEMENT of Limited Partnership made this 1st day of June, 1985, between LA SALLE INDUSTRIES, INC., hereinafter referred to as the General Partner, and CHARLES LORD, hereinafter referred to as Limited Partner.

### ARTICLE I.
### FORMATION
### Organization

1.01 · The parties hereby form a Limited Partnership, herein called the Partnership, under and pursuant to the Texas Limited Partnership Act, Article 6132a of the Revised Civil Statutes of the State of Texas.

### Statutory Requirement

1.02 The parties hereby shall immediately execute a Certificate of Limited Partnership, and cause such a certificate to be filed with the Secretary of State of Texas and, thereafter, execute and cause to be filed and otherwise published, such original or amended certificates evidencing the formation and operation of this Limited Partnership whenever the same may be required under the laws of the State of Texas and of any other states where the Partnership shall determine to do business. The General Partner is hereby authorized and empowered by the Limited Partner to prepare, file and publish either the original or any amended or modified Certificates of Limited Partnership as may be necessary or desirable and the Limited Partner specifically designates and appoints the General·Partner, for and on his behalf as his attorney for the exclusive purposes of signing and attesting to such original or amended Certificates of Limited Partnership.

### Purposes of Partnership

1.03 The purposes of the Partnership shall be as follows:

(1) To engage generally in the farm and ranching business; to improve and develop such farms and ranches, including the construction, alteration or repair of buildings or structures on the real property involved in such ranching business; to invest in farm and ranch real properties, as well as to sell real and personal property, to exchange real and personal property for like property, to lease, to make contracts concerning such farm and ranch properties.

(2) To engage generally in the oil business, to acquire, to own, hold, develop, lease, and otherwise operate mineral properties, either as an operator, managing agent, principal, agent, partner, stockholder, syndicate member, associate, joint venturer, participant, or other, including participating to the extent of a non-participating royalty; to invest funds in, and to raise funds to be invested in such business; to purchase, construct, or otherwise acquire and own, develop, operate, lease, mortgage, pledge and to sell or otherwise dispose of plants, facilities, refineries, pipelines, and other properties

1·

Shurberg000117

and any interest therein; and to do any and all things necessary or incident thereto.

(3) To enter Partnership Agreements in the capacity of a general partner or a limited partner, to become a member of a joint venture, or to participate in some other form of syndication for investment; and to buy, sell, lease, and deal in services, personal property, and real property.

## ARTICLE II.
## NAMES AND PLACE OF BUSINESS
### Name of Limited Partnership

2.01    The name of the Limited Partnership shall be LA SALLE INDUSTRIES, LTD. The business of the Partnership shall be conducted under such name and under such variations of this name as may be necessary to comply with the laws of other states within which the Partnership may do business.

The General Partner shall promptly execute and duly file with the proper offices in each state in which the Partnership may conduct the activities hereinafter authorized one or more certificates as required by the Fictitious Name or Assumed Name Act or similar statute in effect as to each state in which such activities are so conducted.

### Location of Principal Place of Business

2.02    The principal place of business shall be located at Post Office Box 614, Cotulla, La Salle County, Texas, but additional places of business may be located elsewhere.

### Names and Addresses or
### Places of Residence of Partners

2.03 (1)    The name and address of the General Partner of this Partnership is:

LA SALLE INDUSTRIES, INC.          3510 Buntwick
                                   San Antonio, Texas  78230

There are no other general partners of this Partnership and no other person or entity has any right to take part in the active management of the business and affairs of the Partnership.

(2)    The name and address or place of residence of the Limited Partner of this Partnership is set forth on Exhibit "A", attached hereto, incorporated herein and made a part hereof by this reference. There are no other limited partners to the Partnership other than those listed in the attached Exhibit "A".

## ARTICLE III.
## TERM OF PARTNERSHIP

3.01    The Partnership shall commence as of the date of this Agreement and shall continue until December 31, 2015, unless it is sooner terminated, liquidated, or dissolved as hereinafter provided.

## ARTICLE IV.
## CONTRIBUTIONS OF CAPITAL
### Initial Contributions

4.01    The capital to be contributed initially to the Partnership by the General Partner and the Limited Partners shall be property and/or

2

Shurberg000118

cash. The initial capital to be contributed by the General and Limited Partner shall be the property and/or sum set opposite his/its name on Exhibit "A" attached hereto. Each partner shall be personally liable to the Partnership to contribute to the capital of the Partnership the full amount of his/its initial capital contribution.

### Future Contributions

4.02    The Limited Partner shall not be required to make any additional capital contributions.

### ARTICLE V.

### PROFITS AND LOSSES

### Interest of Each Partner

5.01    The amount of net profits and net losses of the Partnership to be allocated to and charged against each Partner shall be determined by the percentage set opposite his/its name in Exhibit "A".

### Definition of Profits and Losses

5.02    The term "profits" is hereby defined to be income or gain of whatsoever kind actually incurred by the Partnership or which, because of generally accepted accounting procedures, must be deemed to have been incurred by the Partnership. The term "losses" is hereby defined to be any deduction, expenditure, or charge actually incurred by the Partnership or which, because of generally accepted accounting procedures, must be deemed to have been incurred by the Partnership.

### Cash Distributions

5.03    Cash, when available, may be distributed by the General Partner to all partners in the same ratio as profits and losses are shared. Cash distributions from the Partnership may be made by the General Partner to all partners without regard to the profits or losses of the Partnership from operations; provided, that no cash distributions shall be made which will impair the ability of the Partnership to pay its just debts as they mature. The General Partner shall determine when, if ever, cash distributions shall be made to the partners, pursuant to the provisions and the tenor of this Agreement. There shall be no obligation to return to the General Partner or the Limited Partner, or to any one of them, any part of their capital contribution to the Partnership, for so long as the Partnership continues in existence. No General or Limited Partner shall be entitled to any priority or preference over any other partner as to cash distributions.

No interest shall be paid to any partner on the initial contributions to the capital of the Partnership or on any subsequent contributions of capital.

### ARTICLE VI.

### OWNERSHIP OF PARTNERSHIP PROPERTY

6.01    All real or personal property, including all improvements placed or located thereon, acquired by the Partnership shall be owned by the Partnership, such ownership being subject to the other terms and provisions of this Agreement. Each Partner hereby expressly waives the right to require partition of any Partnership Property or any part thereof.

3

Shurberg000119

## ARTICLE VII.
### FISCAL MATTERS
#### Partnership Accounting Year

7.01 The Partnership's books and records and all required income tax returns shall be kept or made on the calendar year basis. The General Partner shall determine whether the cash or accrual method of accounting is to be used in keeping the Partnership records.

#### Books and Records

7.02 The General Partner shall keep at the principal place of business and make available to all Partners at any time during normal business hours, just and true books of account and all other Partnership records. The copying by a Partner, or his designated agent, of any part or all of such records, at the personal express of that Partner is specifically-authorized. Within not more than ninety (90) days after the close of each calendar year of the Partnership, the General Partner shall furnish to all partners a year ending balance sheet for the Partnership and a full and detailed financial report on the business operations of the Partnership for and during the entire preceding year. The General Partner shall furnish to all partners any additional information needed or necessary to complete their Federal and State income tax forms, including statements of the net distributable income or loss to each partner from the operation of the Partnership. All of the above duties and services to be performed by the General Partner shall be deemed an expense of the Partnership.

#### Partnership Bank Accounts

7.03 The General Partner shall receive all moneys of the Partnership and shall deposit the same in one or more Partnership banking accounts. All expenditures by the General Partners shall be made by checks drawn against the Partnership banking account.

## ARTICLE VIII.
### MANAGEMENT OF PARTNERSHIP AFFAIRS
#### Control and Management

8.01 The General Partner shall have sole and exclusive control of the Limited Partnership. Subject to any limitations expressly set forth in this Agreement, the General Partner shall have the power and authority to take such action from time to time as they may deem to be necessary, appropriate or convenient in connection with the management and the conduct of the business and affairs of the Limited Partnership, including without limitation the power to:

(1) Acquire or dispose of real property (including any interest therein) for cash, securities, other property (including like-kind exchanges), or any combination thereof upon such terms and conditions as the General Partner may, from time to time, determine (including, in instances where the property is encumbered, on either an assumption or a "subject to" basis);

(2) Acquire, own, hold, improve, manage, and lease such property, either alone or in conjunction with others through partnerships,

4

Shurberg000120

limited partnerships, joint ventures, or other business associations or entities;

(3) Finance the Partnership's activities either with the seller of such property or by borrowing money from third parties, all on such terms and conditions as the General Partner deems appropriate. In instances where money is borrowed for Partnership purposes, the General Partner shall be, and hereby is, authorized to pledge, mortgage, encumber, and grant security interest in Partnership properties for repayment of such loans;

(4) Employ, retain, or otherwise secure or enter into other contracts with personnel or firms to assist in the acquisition, developing, improving, managing, and general operation of the Partnership properties, including, but not limited to real estate brokers or agents, supervisory, development and/or building management agents, attorneys, accountants, and engineers, all on such terms and for such consideration as the General Partner deems advisable; and

(5) Take any and all other action which is permitted under the Texas Limited Partnership Act and which is customary or reasonably related to the acquisition, ownership, development, improvement, management, leasing and disposition of oil and gas interests, real, personal or mixed property.

(6) The General Partner, to the exclusion of the Limited Partners, shall own the executive rights with regard to all real property owned by the Limited Partnership and shall be vested with the sole and absolute discretion and power to make and execute leases with respect to surface and subsurface minerals and other substances, whether the same be, including but not limited to, oil, gas, uranium, lignite, sand, gravel or any other substance which is or may be in the future the subject of commercial leases. Further, by way of illustration, and not by way of limitation, the General Partner, to the exclusion of the Limited Partners, and without any consent or approval of the Limited Partners being required, shall have the following powers and authority:

(a) To negotiate, make and enter into oil, gas and other mineral (or any one or more of them) leases covering any lands or mineral or royalty interest at any time forming a part of the trust estate.

(b) To pool and/or unitize any part or all of the lands, mineral leasehold, or mineral, royalty or other interests of the life estate with lands, mineral leaseholds, mineral, royalty or other interests of other persons, corporations or trusts for the purpose of developing and producing oil, gas and other minerals (or any one or more of them) therefrom, and to make leases or assignments granting to the lessee or assignee the right to pool and/or unitize.

(c) To enter into contracts and agreements for or in respect of the installation and/or operation of plants or other facilities

5

Shurberg000121

for the cycling, repressuring, processing, or other treatment or handling of oil, gas and other minerals (or any one or more of them).

(d) To drill or contract for the drilling of wells for oil, gas and other minerals (or any one or more of them).

(e) To contract for and make "dry hole" and/or "bottom hole" contributions of cash, lease acreage or other interests toward the drilling of wells.

(f) To purchase oil, gas and/or other mineral leases or interests for cash, and to acquire same by "farmout" agreements, requiring the drilling or reworking of one or more wells or participation therein.

(g) To enter into "farmout" contracts or agreements committing the life estate to assign oil, gas and/or other mineral leases or interests therein in consideration for drilling of a well or wells or other oil, gas and/or mineral operations.

(h) To negotiate the transfer of, and to transfer, oil, gas and/or other mineral leases or interests therein for any consideration (such as a retained overriding royalty interest, drilling or reworking commitments or production payments) or for cash or for both cash and such consideration.

. (i) To execute and enter into any and all contracts, conveyances, and other agreements or transfers deemed necessary or desirable to carry out the powers granted hereby, including, without limitation, the power to enter into and execute division orders,. oil, gas and/or other hydrocarbon sales contracts, processing agreements, and other contracts relating to the processing, handling, treating, transporting, and marketing of oil, gas and/or other mineral production from or accruing to the Limited Partnership, and to receive and receipt for the proceeds thereof on behalf of the Limited Partnership.

(7) Any and all lease bonuses, delay rentals, shut-in payments and any and all other compensation which may be derived in connection with the execution of the above-described leases shall be paid to the Limited Partnership and shall constitute a Limited Partnership asset.

(8) Further, in connection with the power and authority of the General Partner to sell or otherwise dispose of any and all assets in the Limited Partnership, the General Partner may enter into such transactions during the first ten (10) years of this Limited Partnership agreement with the consent and approval of seventy-five percent (75%) in interest, not in numbers, of the Limited Partners, and from and after such ten (10) year period, the General Partner may sell or dispose of Partnership assets with the consent and approval of forty percent (40%) in interest, not in numbers, of the Limited Partners. In the event the General Partner shall also be a Limited Partner, such General Partner's vote as a Limited Partner shall be counted

6

Shurberg000122

for all purposes. Notwithstanding the foregoing provisions, the General Partner shall have the absolute power and authority to enter into contracts to make like-kind exchanges of both real and personal property, and mineral interests without the consent or approval of the Limited Partners.

(9) Notwithstanding the provisions of Section 8.04, Removal of General Partner, the executive rights described herein to be vested in the General Partner, LA SALLE INDUSTRIES, INC., shall remain vested in LA SALLE INDUSTRIES, INC., its successor and assigns whether LA SALLE INDUSTRIES, INC. is removed as a General Partner or not.

### Responsibility of General Partner

8.02 The General Partner shall exercise ordinary business judgment in managing the affairs of the Partnership. Always, unless fraud, deceit, or a wrongful taking shall be involved, the General Partner shall not be liable or obligated to the Limited Partner for any mistake of fact of judgment made by the General Partner in operating the business of the Partnership, which results in any loss to the Partnership or its Partners. The General Partner does not, in any way, guarantee the return of the Limited Partner's capital or a profit from the operations of the Partnership. Neither shall the General Partner be responsible to the Limited Partner because of a loss of his investment nor a loss in operations, unless it shall have been occasioned by fraud, deceit, or a wrongful taking by the General Partner. The General Partner shall devote such attention and business capacity to the affairs of the Partnership as may be reasonably necessary. In this connection, the parties hereby acknowledge that the General Partner may be the manager or general partner of other partnerships and may continue to manage other partnerships, and may continue to engage in other distinct or related businesses.

### Nominees

8.03 All partners recognize that sometimes there are practical difficulties in doing business as a limited partnership, occasioned by outsiders seeking to satisfy themselves relative to the capacity of of the General Partner to act for and on behalf of the Partnership, or for other reasons. Therefore, the Limited Partners hereby specifically authorize the General Partner to acquire all real and personal property, arrange all financing, enter contracts, and complete all other arrangements needed to effectuate the purposes of this Partnership, either in its own name or in the name of a nominee, without having to disclose the existence of this Partnership. If the General Partner decides to transact the Partnership business in its own name or in the name of a nominee, it shall place a written declaration of trust in the Partnership books and records that acknowledges the nominee's capacity in which it acts and the name of the true or equitable owner, being the Limited Partnership.

### Removal of General Partner

8.04 Any General Partner may be removed by the affirmative vote of ninety percent (90%) in interest, not in number, of the Limited Partners. The written notice of the General Partner's removal shall be served upon

7

Shurberg000123

him by certified mail. Said notice shall set forth the day on which said removal is to be effective, which date shall not be less than thirty (30) days after the service of said notice on the General Partner. Upon the removal of the General Partner, the Limited Partners shall elect a new General Partner on the vote of fifty-five percent (55%) in interest, not in number, of the Limited Partners, at a special meeting called for that purpose. The removal of a General Partner shall cause his interest in the Partnership to be converted to a Limited Partnership interest but shall not alter or change its rights or responsibilities pursuant to Paragraphs 11.02 and 11.03 of this Agreement.

### Compensation of General Partner

8.05    The General Partner will receive such compensation for acting as General Partner as a majority in interest of the Limited Partners shall agree upon, and shall be entitled to reimbursement for any expenses paid by it arising out of the business of the Partnership.

### Restrictions on Limited Partners

8.06    The Limited Partners shall not have either the obligation or the right to take part, directly or indirectly, in the active management of the business and no Limited Partner is authorized to do or perform any act, thing, or deed in the name of or for or on behalf of either the General Partner or the Partnership. No Limited Partner is authorized to and shall not, directly or indirectly, have a voice in or take part in the business affairs or business operations of the Partnership. No Limited Partner is authorized to and shall not be permitted to do any act, deed or thing which will cause such Limited Partner to be classified as a General Partner of the Partnership.

### ARTICLE IX.
### LIABILITIES
### Liability of Partners

9.01    The liability of the General Partner arising from carrying on the business affairs or operations of the Partnership or for the debts of the Partnership is unrestricted. The liability of the Limited Partners with regard to the Partnership in all respects is restricted and limited to the amount of the actual capital contributions that each Limited Partner makes or agrees to make to the Partnership. The Limited Partners can not be assessed to make an additional capital contribution to the Partnership above that which each Limited Partner agrees to make to the Partnership. If additional capital contributions to the Partnership are required and are made by a General Partner, it shall not entitle the General Partner to a greater share of the profits or cash distributions of the Partnership than otherwise is provided in this Agreement.

### Loans to the Partnership

9.02    Nothing hereby shall prevent or act against a General or Limited Partner loaning money to the Partnership on a promissory note or similar evidence of indebtedness, for a reasonable rate of interest. Any partner loaning money to the Partnership shall have the same rights

8

Shurberg000124

250

regarding the loan as would any person or entity making the loan who was not a Partner of the Partnership.

## ARTICLE X.
### PROHIBITED TRANSACTIONS

10.01    During the time of the organization or continuance of this Limited Partnership, neither the General or Limited Partners hereof shall do any one of the following:

(1)    Use the name of the Partnership (or any substantially similar name) or any trademark or trade name adopted by the Partnership, except in the ordinary course of the Partnership's business;

(2)    Disclose to any nonpartner any of the Partnership business practices, trade secrets, or any other information not generally known to the business community;

(3)    Do any other act or deed with the intention of harming the business operations of the Partnership;

(4)    Do any act contrary to the Limited Partnership Agreement, except with the prior expressed written approval of all partners;

(5)    Do any act which would make it impossible to carry on the intended or ordinary business of the Partnership;

(6)    Confess a judgment against the Partnership;

(7)    Abandon or wrongfully transfer or dispose of Partnership property, real or personal; and

(8)    Admit another person or entity as a General or Limited Partner.

Further, the General Partner shall not use, directly or indirectly, the assets of this Partnership for any purpose other than carrying on the business of this Partnership, for the full and exclusive benefit of all its partners.

## ARTICLE XI.
### RESTRICTIONS ON TRANSFERS
### Prohibition Against Transfers

11.01    Except as hereinafter set forth, no Limited Partner shall sell, assign, transfer, encumber or otherwise dispose of any interest in the Partnership without the written consent of the General Partner.

### Permitted Sales

11.02    Permitted Sales:

(1)    In the event a Limited Partner receives a bona fide offer for the purchase of all or a part of his interest in the Partnership, said Limited Partner shall either refuse such offer or give the other Limited Partners (offerees) written notice setting out full details of such offer, which notice, among other things, shall specify the name of the offeror, the percentage of interest in the Partnership covered by the offer, terms of payment, whether for cash or credit, and, if on credit, the time and interest rate, as well as any and all other consideration being received or paid in connection with such proposed transaction, as well as any and all other terms, conditions, and details of such offer.

9

Shurberg000125

(2) Upon receipt of the notice with respect to such offer, the Limited Partners shall have the exclusive right and option, exercisable at any time during a period of thirty (30) days from the date of said notice, to purchase the interest in the Partnership covered by the offer in question at the lesser of: (i) the same price and on the same terms and conditions of the offer as set out in such notice or (ii) a price equal to one-half (1/2) of the Limited Partners' share of the fair market value of all Limited Partnership assets, with such assets being valued as a whole in accordance with the following methods of valuation, with the purchase price to be paid under this formula on the following terms: ten percent (10%) of the price as determined above in cash at closing, and the balance of the price to be payable in twenty (20) equal annual installments, plus interest, with interest being equal to the prime rate as is then being charged by the National Bank of Commerce of San Antonio, or its successors or assigns, but in any event not more than nine percent (9%).

In connection with valuing the assets of the Partnership, in the event the Limited Partner offering to sell his interest does not agree with the offeree Limited Partners with respect to the value of the personal and real property and surface rights, then the General Partner shall select an appraiser who is qualified to appraise the type of property involved, and the opinion of such appraiser shall be binding upon the parties for all purposes. With respect to the mineral interests and/or estates, if the mineral estates are in production, then the value of such producing interest shall be determined by averaging the gross mineral income derived by the Limited Partnership over the previous five (5) years, or in the event the mineral production has not been in existence for the previous five (5) years, then the average shall be for whatever period of time the mineral production has been in existence and with respect to non-producing mineral acreage, the value of such non-producing mineral acreage shall be determined in accordance with the provisions set forth above for valuing the surface estate. The price to be paid for the producing and non-producing mineral interests shall be one-half (1/2) of the Limited Partners' share of the full fair market value of such mineral interests and the purchase price shall be paid in accordance with the same terms and provisions as a purchase price shall be paid for the real property and personal property. If the Limited Partners decide to exercise the option, they shall give written notification of this effect to the Limited Partner desiring to sell, and said sale and purchase shall be closed within thirty (30) days thereafter. If the Limited Partners do not elect to exercise their option, the selling Limited Partner shall be so notified in writing and shall be free to sell the interest in the Partnership covered by the offer. Such sale, if permitted, shall be made strictly upon the terms and conditions and to the person described in the required notice.

10

Shurberg000126

(3) In the event that more than one (1) but not all of the offeree Limited Partners shall elect to purchase the interest of the Limited Partner desiring to sell his interest, then the offeree Limited Partner shall be entitled to purchase a pro rata share of the interest offer for sale, with such pro rata share being determined by dividing each Limited Partner's percentage interest in the Limited Partnership by the sum of the Limited Partnership interest of all Limited Partners electing to purchase such Limited Partner's interest.

(4) Notwithstanding any of the foregoing provisions, in the event a Limited Partner shall desire to sell or transfer or assign his interest in the Limited Partnership to another Limited Partner, then the above-described options on behalf of the other Limited Partners shall not apply.

(5) Any assignment made to anyone, not already a partner, shall be effective only to give the assignee the right to receive the share of the profits to which his assignor would otherwise be entitled, shall not relieve the assignor from liability under any agreement to make additional contributions to capital, shall not relieve the assignor from liability under the provisions of this Partnership Agreement, and shall not give the assignee the right to become a substituted Limited Partner. Neither the General Partner nor the Partnership shall be required to determine the tax consequences to a Limited Partner or his assignee, arising from the assignment of a limited partnership interest. The Partnership shall continue with the same basis and capital amount for the assignee as was attributable to the former owner who assigned the limited partnership interest. The partnership interest of the General Partner can not be voluntarily assigned or transferred except when such occurs by operation of law.

## Buy-Sell Provisions

11.03 At any time subsequent to the execution of this Agreement any Partner whether General or Limited ("Offeror") may offer to purchase all of the interest in the Limited Partnership of the other Limited Partner or the General Partner ("Offeree/s") or to sell all of the Offeror's interest in the Limited Partnership to the Offeree at a purchase price designated in the offer.

11.04 Any offer made under this ARTICLE XI shall be in writing and signed by the Offeror making such offer, or signed by the Offeror's designated representative. Any offer, to be effective, must be either hand delivered or mailed certified mail, return receipt requested, or mailed by registered mail, to the Offeree's last known place of business or residence. Further, such offer shall set forth all of the terms, conditions, including methods of payment and interest rates, if applicable, collateral security and any other pertinent details to the offer.

11.05 The Offeree shall within thirty (30) days of the date of mailing of or delivery of, if hand delivered, such offer, elect to either sell the Offeree's interest in the Limited Partnership at such price and on the basis of such terms and conditions as are set forth in such offer,

11

Shurberg000127

or in the alternative, to purchase the Offeror's interest in the Limited Partnership, at such price and on such terms and conditions as were set forth in such offer. The Offeree shall notify the Offeror of the Offeree's election in writing within said thirty (30) day period. In the event the Offeree shall make no such election within such thirty (30) day period, then it shall be conclusively deemed that the Offeree has elected to sell the Offeree's interest in the Limited Partnership on the basis and conditions set forth in the offer.

11.06    The sale or purchase of the interest to be acquired shall be closed within thirty (30) days after the election of the Offeree to acquire the interest of the Offeror, or in the event the Offeree fails to respond to such offer, then at the end of sixty (60) days from the date of such offer, and the closing in either event shall take place at the location and time specified in the offer.

## ARTICLE XII.
### TERMINATION OF THE PARTNERSHIP
#### Termination Upon Withdrawal, Bankruptcy, Death or Incapacity of General Partners

12.01    The General Partner, effective as of the last day of any calendar year of the Partnership, may voluntarily withdraw from the Partnership as General Partner and such withdrawal shall have the effect of terminating the Partnership as of the close of business on such last day. The bankruptcy, death, incapacity or resignation of one General Partner shall not have the effect of terminating the Partnership and the other General Partner shall continue to serve as the General Partner. But the bankruptcy, death, incapacity or resignation of all of the General Partners shall result in the Partnership terminating as of the close of business on the last day of the calendar year in which such event occurs. Notwithstanding the foregoing provision, LA SALLE INDUSTRIES, INC. shall upon a dissolution be entitled to demand and shall be vested with the executive rights set forth in Paragraph 8.01 (6) and (9), subject to the right of all Limited Partners to share in any and all lease bonuses, delay rentals, shut-in royalties or other compensation as set forth in Paragraph 8.01 (7), and such executive rights shall be vested in LA SALLE INDUSTRIES, INC., its successors, assigns, legal representatives and in the successors, assigns and heirs of any assignee of LA SALLE INDUSTRIES, INC.

#### Voluntary Termination: Effect of Death or Incapacity of Limited Partner

12.02    The Partnership may be terminated upon any date specified in a notice of termination, signed by the General Partner and a majority of the Limited Partners. As used herein, a majority of the Limited Partners means Limited Partners having in the aggregate a majority of the capital interest of the Limited Partners in the Partnership as of the time such notice of termination is executed. The death or incapacity of a Limited Partner shall have no effect on the life of the Partnership, which shall continue.

12

Shurberg000128

### Effect of a Termination
### of the Partnership

12.03    Upon the termination of the Partnership, regardless of how it is terminated, the affairs of the Partnership shall be wound up by the General Partner. If for any reason there is no General Partner, or if it refuses to serve, or is incapable of serving, over fifty percent (50%) in interest, not in number, of the Limited Partners may appoint or designate a Trustee-in-Liquidation who shall serve to wind up the affairs of the Partnership. The Trustee-in-Liquidation need not be a commercial corporate trustee, does not have to be bonded, and may be a Limited Partner. Whoever serves to wind up the affairs of the Partnership, shall follow the procedures set forth below:

Upon such termination, the assets of the Partnership shall be applied as follows: to payment of the outstanding Partnership liabilities, although an appropriate reserve may be maintained and the amount determined by the General Partner or Trustee-in-Liquidation for any contingent liability until said contingent liability is satisfied, and the balance of such reserve, if any, shall be distributed together with any other sum remaining after payment of the outstanding Partnership liabilities to the Partners as their interest appears on Exhibit "A" unless otherwise provided herein.

Provided, that nothing contained in this Agreement shall defeat the right of either a Limited or a General Partner to require and to have a court-supervised winding up, liquidation, and dissolution of the Partnership. No Partner shall be entitled to demand a distribution be made to him in partnership property, but the General Partner may make or direct property distributions to be made, using the property's fair market value as of the time of distribution, as the basis for making the distribution.

### ARTICLE XIII.

### MISCELLANEOUS PROVISIONS

#### Amendment

13.01    This Agreement may be amended or modified by the Partners from time to time but only by a written instrument executed by Partners owning collectively at least ninety-five percent (95%) in interest, not in number, in the Partnership.

#### Notices

13.02    Except as may be otherwise specifically provided in this Agreement, all notices required or permitted hereunder shall be writing and shall be deemed to be delivered when deposited in the United States mail, postage prepaid, registered or certified mail, return receipt requested, addressed to the parties at the respective addresses set forth on Exhibit "A", or at such other addresses as may have been theretofore specified by written notice delivered in accordance herewith.

#### Texas Law to Apply

13.03    This Agreement shall be construed under and in accordance with the laws of the State of Texas, and all obligations of the parties created hereunder are performable in La Salle County, Texas.

13

Shurberg000129

## Other Instruments

13.04      The parties hereto covenant and agree that they will execute such other and further instruments and documents as are or may become necessary or convenient to effectuate and carry out the Partnership created by this Agreement.

## Headings

13.05      The headings used in this Agreement are used for administrative purposes only and do not constitute substantive matter to be considered in construing the terms of this Agreement.

## Parties Bound

13.06      This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representatives, successors and assigns where permitted by this Agreement.

## Prior Agreements Superseded

13.07      This Agreement supersedes any prior understandings or oral agreements between the parties respecting the within subject matter.

## Legal Construction

13.08      If any one or more of the provisions contained in this Partnership Agreement for any reason are held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision hereof and this Partnership Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

## Counterparts

13.09      This Partnership Agreement may be executed in any number of counterparts and each of such counterparts shall for all purposes be deemed to be an original.

## Gender

13.10      Wherever the context shall so require, all words herein in the male gender shall be deemed to include the female or neuter gender, all singular words shall include the plural, and all plural words shall include the singular.

DATED this 1st day of June, 1985.

GENERAL PARTNER:                             ADDRESS:

LA SALLE INDUSTRIES, INC., a
Texas corporation

By: *[signature]*
     CHARLES LORD,                          3510 Huntwick
     President                            San Antonio, Texas   78230

LIMITED PARTNER:

*[signature]*
CHARLES LORD                             Post Office Box 614
                                         Cotulla, Texas   78014

14

Shurberg000130

LA SALLE INDUSTRIES,
A LIMITED PARTNERSHIP

| PARTNER | DESIGNATION | ADDRESS | DESCRIPTION OF INITIAL CONTRIBUTION | VALUE INITIAL CONTRIBUTION | PERCENTAGE OF INTEREST OF PROFITS AND LOSSES |
|---|---|---|---|---|---|
| LA SALLE INDUSTRIES, INC. | General Partner | 3510 Huntwick San Antonio, Tx. | An undivided 10% interest in: Two (2) Bulls | $ 200.00 | 10% |
| | | | Seventy (70) Cows | $ 2,520.00 | |
| | | | Three (3) Heffers | $ 99.00 | |
| | | | Eleven (11) Calves | $ 231.00 | |
| | | | 1984 Ford Ranger Pickup | $ 400.00 | |
| | | | 1973 Invader Motor Boat and 1983 Johnson 115 h.p. motor | $ 400.00 | |
| | | | Neckover 20 Gooseneck Trailer | $ 160.00 | |
| | | | Total Agreed Value | $ 4,010.00 | |
| | | | An undivided 10% interest in: 75 Ac., Galveston County | $ 2,650.00 | |
| | | | 640 Ac., 200 Ac., 120 Ac., La Salle County, Tx. | $ 57,600.00 | |
| | | | 350 Ac., La Salle County, Tx. | $ 22,200.00 | |
| | | | Lots 3, 4, 5 & 6, Block 61 Oleander Heights, La Salle County, Tx. | $ 2,500.00 | |
| | | | Fishing Lodge, Willacy County, Texas | $ 1,200.00 | |
| | | | Total Agreed Value | $ 86,150.00 | |

Shurberg000131

LA SALLE INDUSTRIES,
A LIMITED PARTNERSHIP

| PARTNER | DESIGNATION | ADDRESS | DESCRIPTION OF INITIAL CONTRIBUTION | VALUE INITIAL CONTRIBUTION | PERCENTAGE OF INTEREST SHARE OF PROFITS AND LOSSES |
|---------|-------------|---------|-------------------------------------|----------------------------|----------------------------------------------------|
| CHARLES LORD | Limited Partner | P O Box 525 Cotulla, Tx. | An undivided 90% interest in: | | 90% |
| | | | Two (2) Bulls | $ 1,800.00 | |
| | | | Seventy (70) Cows | $ 22,680.00 | |
| | | | Three (3) Heffers | $ 891.00 | |
| | | | Eleven (11) Calves | $ 2,079.00 | |
| | | | 1984 Ford Ranger Pickup | $ 3,600.00 | |
| | | | 1973 Invader Motor Boat and 1983 Johnson 115 h.p. motor | $ 3,600.00 | |
| | | | Neckover 20 Gooseneck Trailer | $ 1,440.00 | |
| | | | Total Agreed Value | $ 36,090.00 | |
| | | | An undivided 90% interest in: | | |
| | | | 75 Ac., Galveston County | $ 23,850.00 | |
| | | | 640 Ac., 200 Ac., 120 Ac., La Salle County, Tx. | $518,400.00 | |
| | | | 350 Ac., La Salle County, Tx. | $199,800.00 | |
| | | | Lots 3, 4, 5 & 6, Block 61 Oleander Heights, La Salle County, Tx. | $ 22,500.00 | |
| | | | Fishing Lodge, Willacy County, Texas | $ 10,800.00 | |
| | | | Total Agreed Value | $775,350.00 | |

Shurberg000132

# TAB 3

---

Vernon's Texas Statutes and Codes Annotated
  Business Organizations Code (Refs & Annos)
    Title 4. Partnerships (Refs & Annos)
      Chapter 152. General Partnerships
        Subchapter D. Relationship Between Partners and Between Partners and Partnerships

---

V.T.C.A., Business Organizations Code § 152.204

§ 152.204. General Standards of Partner's Conduct

Effective: January 1, 2006
Currentness

(a) A partner owes to the partnership, the other partners, and a transferee of a deceased partner's partnership interest as designated in Section 152.406(a)(2):

   (1) a duty of loyalty; and

   (2) a duty of care.

(b) A partner shall discharge the partner's duties to the partnership and the other partners under this code or under the partnership agreement and exercise any rights and powers in the conduct or winding up of the partnership business:

   (1) in good faith; and

   (2) in a manner the partner reasonably believes to be in the best interest of the partnership.

(c) A partner does not violate a duty or obligation under this chapter or under the partnership agreement merely because the partner's conduct furthers the partner's own interest.

(d) A partner, in the partner's capacity as partner, is not a trustee and is not held to the standards of a trustee.

**Credits**
Acts 2003, 78th Leg., ch. 182, § 1, eff. Jan. 1, 2006. Amended by Acts 2005, 79th Leg., ch. 64, § 77, eff. Jan. 1, 2006.

Notes of Decisions (30)

V. T. C. A., Business Organizations Code § 152.204, TX BUS ORG § 152.204
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

---

 © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Next © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# TAB 4

Vernon's Texas Statutes and Codes Annotated
Business Organizations Code (Refs & Annos)
Title 4. Partnerships (Refs & Annos)
Chapter 153. Limited Partnerships (Refs & Annos)
Subchapter C. Limited Partners

V.T.C.A., Business Organizations Code § 153.113

§ 153.113. Powers of Estate of Limited Partner Who is Deceased or Incapacitated

Effective: January 1, 2006
Currentness

If a limited partner who is an individual dies or a court adjudges the limited partner to be incapacitated in managing the limited partner's person or property, the limited partner's executor, administrator, guardian, conservator, or other legal representative may exercise all of the limited partner's rights and powers to settle the limited partner's estate or administer the limited partner's property, including the power of an assignee to become a limited partner under the partnership agreement.

**Credits**
Acts 2003, 78th Leg., ch. 182, § 1, eff. Jan. 1, 2006.

V. T. C. A., Business Organizations Code § 153.113, TX BUS ORG § 153.113
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

End of Document © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# TAB 5

Vernon's Texas Statutes and Codes Annotated
  Business Organizations Code (Refs & Annos)
    Title 4. Partnerships (Refs & Annos)
      Chapter 153. Limited Partnerships (Refs & Annos)
        Subchapter F. Partnership Interest

V.T.C.A., Business Organizations Code § 153.253

§ 153.253. Rights of Assignee

Effective: January 1, 2006
Currentness

(a) An assignee of a partnership interest, including the partnership interest of a general partner, may become a limited partner if and to the extent that:

(1) the partnership agreement provides; or

(2) all partners consent.

(b) An assignee who becomes a limited partner, to the extent of the rights and powers assigned, has the rights and powers and is subject to the restrictions and liabilities of a limited partner under a partnership agreement and this code.

**Credits**
Acts 2003, 78th Leg., ch. 182, § 1, eff. Jan. 1, 2006.

V. T. C. A., Business Organizations Code § 153.253, TX BUS ORG § 153.253
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

---

 © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# TAB 6

Vernon's Texas Statutes and Codes Annotated
  Business Organizations Code (Refs & Annos)
    Title 4. Partnerships (Refs & Annos)
      Chapter 153. Limited Partnerships (Refs & Annos)
        Subchapter I. Derivative Actions

V.T.C.A., Business Organizations Code § 153.402

§ 153.402. Proper Plaintiff

Effective: January 1, 2006
Currentness

In a derivative action, the plaintiff must be a limited partner when the action is brought and:

(1) the person must have been a limited partner at the time of the transaction that is the subject of the action; or

(2) the person's status as a limited partner must have arisen by operation of law or under the terms of the partnership agreement from a person who was a limited partner at the time of the transaction.

**Credits**
Acts 2003, 78th Leg., ch. 182, § 1, eff. Jan. 1, 2006.

V. T. C. A., Business Organizations Code § 153.402, TX BUS ORG § 153.402
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works

# TAB 7

Vernon's Texas Statutes and Codes Annotated
   Business Organizations Code (Refs & Annos)
      Title 4. Partnerships (Refs & Annos)
         Chapter 153. Limited Partnerships (Refs & Annos)
            Subchapter L. Miscellaneous Provisions

V.T.C.A., Business Organizations Code § 153.552

§ 153.552. Examination of Records and Information

Effective: January 1, 2006
Currentness

(a) On written request stating a proper purpose, a partner or an assignee of a partnership interest may examine and copy, in person or through a representative, records required to be kept under Section 153.551 and other information regarding the business, affairs, and financial condition of the limited partnership as is just and reasonable for the person to examine and copy.

(b) The records requested under Subsection (a) may be examined and copied at a reasonable time and at the partner's sole expense.

(c) On written request by a partner or an assignee of a partnership interest, the partnership shall provide to the requesting partner or assignee without charge copies of:

  (1) the partnership agreement and certificate of formation and all amendments or restatements; and

  (2) any tax return described by Section 153.551(a)(2).

(d) A request made under Subsection (c) must be made to:

  (1) the person who is designated to receive the request in the partnership agreement at the address designated in the partnership agreement; or

  (2) if there is no designation, a general partner at the partnership's principal office in the United States.

**Credits**
Acts 2003, 78th Leg., ch. 182, § 1, eff. Jan. 1, 2006.

V. T. C. A., Business Organizations Code § 153.552, TX BUS ORG § 153.552
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

End of Document        © 2015 Thomson Reuters. No claim to original U.S. Government Works.